■ In the Matter of EDWARD J. LARKIN et al., Appellants, v TOWN BOARD OF THE TOWN OF FLEMING et al., Respondents. (Appeal No. 1.)—Judgment unanimously affirmed, without costs. Memorandum: In this article 78 proceeding petitioners contend that a bond resolution of November 8, 1973 in the sum of $36,000 for part of the financing of a water system was illegally adopted by the respondent Town Board of the Town of Fleming (Board). They assert broad, generalized allegations of constitutional and statutory impropriety in the adoption of the resolution. On March 20, 1964 the Board, after notice and public hearing and with the approval of the State Comptroller and State Water Resources Commission, established Water District No. 3 in the Town of Fleming, Cayuga County. A total prospective bond indebtedness of $174,000 was approved by both the Board and the State Department of Audit and Control. Actual construction of the water system was interrupted because of an article 78 proceeding instituted against the Board by one Anna Reister and Julia Larkin, a petitioner herein, in which they unsuccessfully challenged the validity of the petition process used in creation of the water district (see *Reister v Town Bd. of Town of Fleming,* 18 NY2d 92, affg 24 AD2d 548). Construction was resumed

in July, 1965 when the Board authorized borrowing money under bond anticipation notes. The water system was completed and operational in February, 1967. From then until the date of the disputed bond resolution, Water District No. 3 paid more than $37,000 on the bond anticipation notes from funds received pursuant to the district water tax. Though the life of the bond anticipation notes exceeded five years beyond the original issue date (see Local Finance Law, § 23.00), that illegality was cured by act of the State Legislature (see L 1974, ch 183). The Board now proposes to sell $171,000 in bonds, which sum represents an approximate balance of $135,-000 due on outstanding bond anticipation notes and the additional $36,000 authorized by the bond resolution in dispute. The resolution contains an estoppel clause (Local Finance Law, § 80.00) and a notice thereof was duly published (Local Finance Law, § 81.00). In such circumstances, the validity of the bonds may be contested only if the municipality was not authorized to expend money for the stated purpose or if "provisions of law which should have been complied with at the date of the publication of such resolution * * * were not substantially complied with." (Local Finance Law, § 82.00, subd 2.) An action alleging such violations must be commenced within 20 days of publication (Local Finance Law, § 82.00). Additionally, but without the specific time limitation, the validity of the obligations may be contested if they were authorized in violation of the provisions of the Constitution (Local Finance Law, § 82.00, subd 3). While the petitioners' proceeding was timely brought, the petition wholly fails to allege any specific violation of law which would invalidate the resolution or the bonds. The Board is clearly authorized to expend money for a water system and to issue serial bonds for that purpose (Local Finance Law, § 11.00, subd a, par 1; §§ 20.00; 10.00). It appears that at the date of publication there was substantial compliance with all applicable provisions of law. The aggregate amount of the bond resolution did not exceed the amount of indebtedness that the Board was authorized to incur and the resolution was unanimously adopted at the meeting to which it was submitted (cf. Local Finance Law, § 83.00). The claim by petitioners that they were entitled to notice and a public hearing on the bond resolution is without merit. There is no statutory requirement for such a procedure. Nor was the resolution subject to referendum (Local Finance Law, § 35.00, subd b, par 1, cl [2]). Though the petition alludes to broad constitutional concepts largely unrelated and irrelevant to the issue here, it fails to particularize any "violation of the provisions of the constitution" (cf. Local Finance Law, § 82.00, subd 3). We note, however, that the resolution is silent regarding the final redemption date of the bonds. The Board may not contract indebtedness for a period longer than the period of probable usefulness of the particular project (Local Finance Law, § 11.00, subd a). The period of probable usefulness of a water system is 40 years (Local Finance Law, § 11.00, subd a, par 1). Construction of the water system here was completed on February 10, 1967. It follows, therefore, that the final redemption date on the bonds to be issued may not extend beyond February 10, 2007. (Appeal from judgment of Cayuga Supreme Court—article 78.) Present—Marsh, P. J., Moule, Simons, Dillon and Goldman, JJ.