EDWARD J. LARKIN et al., Appellants, v DAVID A. FARRELL, as Cayuga County Treasurer, et al., Respondents. (Appeal No. 2.)—Judgment unanimously affirmed, without costs. Memorandum: Here, and in a companion case decided herewith (see *Matter of Larkin v Town Bd. of Town of Fleming,* 52 AD2d 1068), petitioners assert multiple claims of illegal action by the respondent Town Board of the Town of Fleming (Board) and others, relating to the financing of the installation of the water system in Water

District No. 3, Town of Fleming, Cayuga County, and the tax assessment against petitioners' real property in the district. They seek a review of the assessment proceedings and a preliminary injunction enjoining respondents from selling or otherwise encumbering petitioners' real property. Trial court properly denied the motion for a preliminary injunction, vacated a temporary restraining order theretofore issued and dismissed the petition. "It is not sufficient for the taxpayer to assert merely the conclusions of illegality or error" *(Matter of Grossman v Board of Trustees of Vil. of Geneseo,* 44 AD2d 259, 263), as, in so many instances, petitioners have done here. Petitioners are obliged to "indicate where error exists" *(Matter of Grossman v Board of Trustees of Vil. of Geneseo, supra,* p 263). To the extent that the petition as amended claims inequality of assessment, it fails to meet the test of section 706 of the Real Property Tax Law. It does not allege that the assessment against petitioners' property is at a higher proportional valuation or rate than the assessment against other property in the district. Additionally, there is no statutory basis for petitioners' claim that the district water tax should be subject to a referendum. Indeed, we find all of petitioners' claims to be without merit and only two are worthy of further comment. It is acknowledged that petitioners have not connected their premises to the water system which is available for their use. They rely upon section 198 (subd 3, par [d]) of the Town Law in urging that their lack of use of the water precludes a water tax against their property. Such reliance is misplaced. That section applies to charges for water actually used. Respondent Board has full authority to assess water district real property to pay for the construction costs of a water system (Town Law, § 202, subds 2, 3). Petitioners further allege that the Board failed to publish notice of the completion of the water district assessment roll and of a public hearing to consider objections to the roll (see Town Law, § 239). It is argued that the Board is without jurisdiction to levy a tax against petitioners' property until such notice is published and a hearing held (Real Property Tax Law, § 702, subd 2). While the Board denies the allegation of lack of notice and public hearing, the record is unclear on the subject. It is clear, however, that there has been a water tax assessment against petitioners' property for several years. It can be inferred from the amended petition that such taxes have been levied against all taxable properties within the district since at least January, 1969 and moneys collected therefrom have been used to retire bond anticipation notes issued for the cost of construction. Petitioners have persistently refused to pay the taxes so assessed but have never before protested on the basis of failure of notice and lack of a hearing regarding the assessment roll. The petition has not been timely brought either under the Real Property Tax Law or as an article 78 proceeding (Real Property Tax Law, § 702, subd 2; CPLR 217). On the whole history of the creation of Water District No. 3 and the adoption of the unit system of assessment against district property, and upon the failure of petitioners to act for more than five years from the date they received actual notice of the assessment and tax against their property, they should not now be heard to attack the assessment roll on this basis. Assuming, *arguendo,* that the Board erred in this respect, petitioners, despite full notice to them of the tax levy, have never demanded that the Board perform its duty in regard to the giving of notice or the holding of a public hearing, nor have they pursued administrative remedies provided for in article 5 of the Real Property Tax Law. Exhaustion of such remedies is an essential precondition to judicial review *(Matter of Grossman v Board of Trustees of*

*Vil. of Geneseo, supra).* (Appeal from judgment of Cauyga Supreme Court—tax assessment.) Present—Marsh, P. J., Moule, Simons, Dillon and Goldman, JJ.