■ DAVID FAGAN et al., Appellants, v SEARS ROEBUCK & Co., et al., Respondents, and GLOBE-UNION, INC., Appellant. — Order unanimously reversed, with costs, and motion denied. Memorandum: Plaintiffs appeal from an order granting summary judgment in favor of defendants Sears Roebuck & Co. (Sears) and Acme Electric Corp. Defendant Globe Union, Inc., appeals from the same order dismissing Globe's cross claim against Acme and Sears. Trial Term erroneously granted summary judgment to Sears and Acme. Questions of fact exist as to whether the failure to warn or adequately instruct was given and, if so, was it the proximate cause of the resulting explosion (*Lancaster Silo & Block Co. v Northern Propane Gas Co.,* 75 AD2d 55; *Wolfgruber v Upjohn Co.,* 72 AD2d 59, affd 52 NY2d 768). (Appeals from order of Supreme Court, Monroe County, Boehm, J. — summary judgment.) Present — Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.

■ LEE W. STEMMER et al., Appellants, v BOARD OF ASSESSORS OF THE TOWN OF POMPEY et al., Respondents. — Order unanimously affirmed, without costs, and judgment entered declaring section 305 of the Real Property Tax Law constitutional. Memorandum: Plaintiffs own real property in the Town of Pompey (Town) and seek a declaratory judgment that the method of fractional assessment required by section 305 of the Real Property Tax Law is unconstitutional. Subdivision 2 of section 305 provides that all real property shall be assessed "at a uniform percentage of value". We agree that plaintiffs' cross motion for summary judgment was properly denied. However, we find that the complaint does plead a justiciable controversy and in reaching the merits, hold that section 305 of the Real Property Tax Law is constitutional. Although at the time this action was commenced, the Town had not yet assessed petitioners' property pursuant to section 305, "[t]he fact that the court may be required to determine the rights of the parties upon the happening of a future event does not mean that the declaratory judgment will be merely advisory. In the typical case where the future event is an act contemplated by one of the parties, it is assumed that the parties will act in accordance with the law and thus the court's determination will have the immediate and practical effect of influencing their conduct". (*New York Public Interest Research Group v Carey,* 42 NY2d 527, 530-531.) A determination of the legality of section 305 will have the immediate and practical effect of influencing the actions of the defendant town board of assessors in choosing the proper standard for assessing plaintiffs' property as well as other property within the Town. Section 305 is not unconstitutionally vague because "value" means market value (see *Matter of Hellerstein v Assessor of Town of Islip,* 37 NY2d 1, 10). Section 305 does not violate the equal protection clause because taxing jurisdictions are not bound to assess property at 100% of full value as long as all property is assessed at a uniform percentage of value (see *Sioux City Bridge v Dakota County,* 260 US 441). The Court of Appeals in *Hellerstein v Assessor of Town of Islip (supra)* invalidated fractional assessment not upon constitutional grounds but based upon the language of section 306 of the Real Property Tax Law. The Legislature, by repealing section 306 and adopting section 305, merely reverted to the pre-*Hellerstein* standard of uniform percentage of value and explicitly authorized the fractional assessment method already approved by the courts (see *C.H.O.B. Assoc. v Board of Assessors,* 45 Misc 2d 184, affd 22 AD2d 1015, affd 16 NY2d 779). (Appeal from order of Supreme Court, Onondaga County, Tenney, J. — summary judgment.) Present — Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.