■ In the Matter of 22 PARK PLACE COOPERATIVE, INC., et al., Respondents, v BOARD OF ASSESSORS OF THE COUNTY OF NASSAU et al., Appellants. — In a proceeding pursuant to CPLR article 78 to compel the Board of Assessors of the County of Nassau to delete increases in values for petitioners' properties and to compel the County of Nassau to refund any overpayment of taxes caused by such increases, the appeal is from so much of a judgment of the Supreme Court, Nassau County (Farley, J.), dated May 24, 1983, as granted the petition as to all the petitioners except 210 Shore Road Realty Corp. ¶ Judgment affirmed insofar as appealed from, with costs. ¶ Petitioners are owners of apartment houses that were converted to cooperative ownership between September, 1981 and April, 1982. In August, 1982, appellant Board of Assessors of the County of Nassau increased the assessed valuations on each said parcel by amounts varying from 14% to 92% over the previous year's assessments. The only explanation given on each assessment card was the conversion that had occurred during the previous year. During that year, however, section 581 of the Real Property Tax Law became effective. It prohibits the assessing of a cooperative apartment at any value different from that if it were not cooperatively owned (L 1981, ch 1057, § 4, eff Dec. 3, 1981). Petitioners commenced this article 78 proceeding to rescind these increases. ¶ The appellants moved to dismiss the petition on the ground that a proceeding under article 7 of the Real Property Tax Law was petitioners' exclusive remedy. That motion was denied. Appellants then submitted an answer and affidavits which denied that the assessment increases were due to the cooperative status. Special Term found that the appellants had given no credible alternative explanation for the increases and granted summary judgment to petitioners. This appeal concerns both the question of remedy and the propriety of the judgment. ¶ Ordinarily, challenges to assessments are to be made through a certiorari proceeding under article 7 of the Real Property Tax Law (*Hewlett Assoc. v City of New York,* 57 NY2d 356, 363). However, it has long been recognized that where the assessor's jurisdiction to tax at all — or the legality of the tax itself — is challenged, one is not required to pursue that remedy, but may use either a CPLR article 78 proceeding or a declaratory judgment action (*Hewlett Assoc. v City of New York, supra,* p 363; *Samuels v Town of Clarkson,* 91 AD2d 836). But these are not the only exceptions to the exclusive jurisdiction of article 7 of the Real Property Tax Law (*Hewlett Assoc. v City of New York, supra,* p 364). Where the challenge concerns not the overvaluation or undervaluation of specific properties, but rather the alleged illegal use of a method involving several properties, a proceeding pursuant to CPLR article 78 is appropriate (*Matter of Dudley v Kerwick,* 52 NY2d 542, 548-551; *Zinder v Board of Assessors,* 66 Misc 2d 150, affd 38 AD2d 836; cf. *Matter of Town of Arietta v State Bd. of Equalization & Assessment,* 56 NY2d 356). Just because petitioners concede the assessor's jurisdiction or that a portion of the tax is payable does not preclude a collateral attack if the challenge is to the method of assessment (*Hewlett Assoc. v City of New York, supra,* pp 364-365). ¶ Petitioners' challenge here clearly is based upon the allegation that the assessments were changed illegally as a result of the change to cooperative ownership. This does not involve particular valuations but a general principle. Special Term ruled correctly that this proceeding was maintainable. ¶ Appellants concede the validity of section 581 of the Real Property Tax Law, but assert that the increased assessments were not based on the change to cooperative ownership. However, they failed to present any evidentiary facts to rebut the clear presumption warranted from reading the assessment cards. In a special proceeding, where no triable issues of fact are raised, the court must make a summary determination on the pleadings, papers and admissions as if a motion for summary judgment were before it (CPLR 409, subd [b]). The parties

are obligated to submit their proofs with their pleadings "showing such evidentiary facts as shall entitle [them] to a trial of any issue of fact" (CPLR 7804, subd [e]). Since appellants did not present evidence to raise an issue of fact, Special Term correctly granted judgment.without a hearing (see *Matter of Battaglia v Schuler*, 60 AD2d 759). Gibbons, J. P., Brown, Niehoff and Boyers, JJ., concur.