■ MARIO M. CUOMO et al., Respondents, v LONG ISLAND LIGHTING COMPANY, Appellant.—In consolidated actions for a judgment declaring that the defendant Long Island Lighting Company (hereinafter LILCO) lacks the legal authority to implement its radiological emergency response plan, LILCO

appeals from an interlocutory judgment of the Supreme Court, Suffolk County (Geiler, J.), entered March 28, 1985, which, *inter alia,* denied its motion to dismiss the complaints and granted partial summary judgment to the plaintiffs.

Ordered that the interlocutory judgment is affirmed, without costs or disbursements.

This case arises from LILCO's efforts to obtain an operating license from the Nuclear Regulatory Commission (hereinafter the NRC) for its Shoreham nuclear power plant in the Town of Brookhaven, over the objections of officials of the State and local governments. In proceedings before the NRC, the plaintiffs, the Governor of New York State, the County of Suffolk and the Town of Southampton, made clear that since they believed that no effective radiological emergency response plan could be devised, they would not assist in any attempts to devise or implement such a plan. In response, LILCO developed its own plan, pursuant to which the Local Emergency Response Organization was created. This organization, which consists mainly of LILCO employees and consultants, has as its purpose the taking of all actions necessary to implement LILCO's plan, actions which presumably would be performed by State and local government officials and employees had they not refused to participate in any such plan. During hearings before the NRC to determine whether the plan complied with Federal standards, the issue was raised as to whether or not LILCO had the authority to take the actions it was required to take to implement its plan. An administrative panel indicated that this was an important issue, but one which it could not resolve.

Consequently, the plaintiffs each commenced a separate action seeking a judgment declaring that LILCO lacks the legal authority to implement its radiological emergency response plan, and that to do so would be a usurpation of the police power of the State and its delegates. The actions were subsequently consolidated pursuant to stipulation. LILCO moved to dismiss the complaints on the grounds that (1) there is no justiciable controversy present and (2) the complaints failed to state a cause of action. The plaintiffs cross-moved for summary judgment. The court denied LILCO's motion to dismiss, granted partial summary judgment to the plaintiffs, and rendered an interlocutory judgment declaring that the functions LILCO intends to perform under its plan fall within the State's historic police power and therefore may not be performed by LILCO. The court specifically stated that it had not, as yet, reached the Federal preemption defense raised by

LILCO. LILCO appeals from this interlocutory judgment, and we affirm.

Preliminarily, we agree with Special Term's determination that this case presents a justiciable controversy *(see,* CPLR 3001; *New York Pub. Interest Research Group v Carey,* 42 NY2d 527). The declaration sought will have an immediate and practical effect on the parties in view of the pendency of the proceedings before the NRC and the necessity for the NRC's passing upon the proposed plan *(see, Matter of Fossella v Dinkins,* 114 AD2d 340; *Stemmer v Board of Assessors,* 97 AD2d 979), and the court will not be performing the type of "useless or futile act that is sought to be avoided by the rule condemning the rendering of advisory opinions *(see, New York Pub. Interest Research Group v Carey, supra,* at 530).

We also agree with Special Term's determination that LIL- CO's implementation of the emergency response plan it prepared would result in a usurpation of the State's police power. According to LILCO the implementation of its plan would constitute the providing of protection for the persons and property that would be affected in the event of a radiological emergency at Shoreham. However, providing protection for persons and property is at the core of the State and local governments' police power *(see, Matter of City of Utica v Water Pollution Control Bd.,* 5 NY2d 164; *People v Grant,* 306 NY 258). This power resides exclusively with the State and its duly authorized political subdivisions, and simply cannot be exercised by a private corporation such as LILCO *(see, Matter of Fink v Cole,* 302 NY 216; *Matter of Bon-Air Estates v Building Inspector of Town of Ramapo,* 31 AD2d 502; *American Consumer Indus. v City of New York,* 28 AD2d 38). Thus, any attempt by LILCO to implement its radiological emergency response plan would clearly constitute a usurpation of the State and local governments' police power and partial summary judgment was properly granted to the plaintiffs on this basis. Thompson, J. P., Brown, Eiber and Kunzeman, JJ., concur.