In the Matter of CHARLES KRUGMAN, Appellant, v BOARD OF
ASSESSORS OF THE VILLAGE OF ATLANTIC BEACH et al.,
Respondents.

Second Department, October 24, 1988

176

APPEARANCES OF COUNSEL

*Horowitz, Feinberg & Lifland (Thomas A. Lifland* of counsel), for appellant.

*S. Robert Putterman, Village Attorney,* for respondents.

*Siegel Fenchel & Peddy (William D. Siegel* of counsel), for plaintiffs in *Conklin v Town of Southampton, amici curiae; Reilly, Like & Schneider (Irving Like* of counsel), for plaintiffs in *Nash v Assessor of Town of Southampton, amici curiae,* and *Pelletreau & Pelletreau (Benjamin L. Herzweig* of counsel), for plaintiffs in *Martin v Assessor of Town of Southampton, amici curiae.* (One brief filed.)

OPINION OF THE COURT

THOMPSON, J. P.

█ The petitioner, an owner of a parcel of real property improved by a one-family dwelling in the Village of Atlantic Beach, commenced this proceeding pursuant to Real Property Tax Law article 7 against the village, its Board of Assessors and its Board of Assessment Review seeking, *inter alia,* review of the assessment of his property for the tax year 1987/1988, a declaratory judgment invalidating the respondents' method of reassessing the value of real property only upon resale and an injunction restraining the respondents from levying and collecting taxes with respect to the petitioner's property for the 1987/1988 tax year based upon its assessment pursuant to this challenged methodology. The Supreme Court, Nassau County, denied the petitioner's motion for summary judgment and this appeal ensued. We conclude that the practice of the Village of Atlantic Beach involving the selective reassessment of real property upon a transfer thereof violates the Equal Protection Clauses of the Federal and State Constitutions because it permits similarly situated properties to be taxed unequally with no demonstration that the unequal treatment is rationally related to the achievement of a legitimate governmental purpose. The assessment of the petitioner's property for the 1987/1988 tax year must, therefore, be vacated and the matter remitted to the respondents for a new determination.

The petitioner Charles Krugman purchased the subject parcel of real property in June 1986 for the sum of $166,000. At the time of the purchase, the total assessment placed against the property was $14,505. Following the transfer of title, the value of the property was reassessed in the sum of $36,520. The petitioner filed a protest application with the Board of Assessment Review of the village after the increased assessment appeared on the village's 1987/1988 tentative assessment roll. Specifically, the petitioner complained that the assessor's method of increasing the assessments on only those properties which were the subject of transfer to new owners in the taxing jurisdiction was illegal and discriminatory. The final tax roll reflected the increased assessment on the petitioner's property thereby implicitly confirming the challenged reassessment.

Within 30 days of the filing of the final assessment roll, the petitioner commenced this proceeding pursuant to Real Property Tax Law article 7. In his first cause of action, the

petitioner alleged that the assessment of his property was excessive to the extent of $20,219. The grounds alleged in support of this assertion were carefully drafted within the parameters of the statutory certiorari procedures of RPTL 706. That section permits court review of an assessment of real property upon a complaint that the assessment is illegal, excessive or unequal or that the property is misclassified. In the second cause of action the petitioner claimed that the assessor's targeting for reassessment only those properties which have been the subject of a transfer or conveyance to a new owner and his failure to conduct a corresponding market value reevaluation of similar parcels which have not been the subject of a recent sale denied him equal protection of the law. In addition, the petitioner asserted that this practice was unlawful and discriminatory because a higher tax burden was placed upon purchasers of real property than upon all other owners of property in the village. As relief, the petitioner sought to have the assessment roll for the 1987/1988 tax year invalidated and to have the court direct the assessor to utilize an assessment method which would not subject him to discriminatory and unequal treatment under the law. Based upon the allegations of the second cause of action, the petitioner sought, *inter alia,* a judgment declaring that the village's assessment of his property was invalid and unconstitutional and an injunction restraining the respondents from enforcing, collecting or selling any tax lien relating to his property for the 1987/1988 tax year.

The respondents failed to serve an answer within the time prescribed by statute. Thereafter, on May 20, 1987, the petitioner served a notice to admit upon the respondents' attorney pursuant to CPLR 3123. The time to serve an answer to the notice to admit also expired without such answer being interposed or the respondents requesting an extension of time. The petitioner then moved for summary judgment, alleging that having failed to serve an answer to the notice to admit the respondents were deemed to have admitted the facts contained therein. On that basis, the petitioner contended that only a question of law was presented for the court's determination with respect to the validity of the method of assessment employed by the respondents. The respondents' opposing affidavit was directed to the validity of the assessment of the petitioner's property which they claimed raised an issue of fact requiring expert testimony. The respondents' only contention concerning the methodology employed to obtain the as-

sessment was that it had been recognized as valid by the Nassau County Department of Assessment. The Supreme Court, Nassau County, denied summary judgment to the petitioner.

As a preliminary matter, we must address the question raised in the *amici curiae* brief,* namely, whether the petitioner may properly pursue his claims by way of a tax certiorari proceeding under RPTL article 7 or whether his relief should be sought in a CPLR article 78 proceeding or a declaratory judgment action. Practically speaking, the determination of the proper procedural route to be taken in circumstances such as these is of greater significance when a question of time limitations is involved. RPTL 702 (2) contains a very short Statute of Limitations of 30 days designed to facilitate the expeditious resolution of taxpayers' challenges to their own property assessments *(see, Matter of Dudley v Kerwick,* 52 NY2d 542, 549). Thus, where a proceeding to review an assessment is improperly brought as a CPLR article 78 proceeding or a declaratory judgment action and RPTL article 7 is found to provide the exclusive means for judicial review, the proceeding risks dismissal as being time barred. In those instances, the 30-day Statute of Limitations (RPTL 702) would govern, rather than either the four-month period of CPLR 217 applicable to CPLR article 78 proceedings or the six-year residual period of limitations contained in CPLR 213 (1) generally applicable to declaratory judgment actions *(see generally, Matter of Dudley v Kerwick, supra,* at 549-550). Assuming an improper procedural course has been followed, no Statute of Limitations problem is presented on the instant facts since the petitioner has timely commenced the proceeding within the brief 30-day period of limitations.

Generally, a taxpayer who challenges his property assessment is relegated to a tax certiorari proceeding brought under the provisions of RPTL article 7 for review of his assessment *(Hewlett Assocs. v City of New York,* 57 NY2d 356, 363; *Matter of 22 Park Place Coop. v Board of Assessors,* 102 AD2d 893). However, certain exceptions to the exclusive jurisdiction of RPTL article 7 exist. It is well recognized that where the jurisdiction of the taxing authority is challenged or the tax

---

* An *amici curiae* brief was submitted in support of the petitioner's position by the plaintiffs in three proceedings pending in the Supreme Court, Suffolk County, seeking to invalidate the reassessment of property on resale and a piecemeal land equalization reassessment in the Town of Southampton.

itself is claimed to be unconstitutional, one is not required to pursue a remedy under RPTL article 7 *(see, Hewlett Assocs. v City of New York, supra; Matter of 22 Park Place Coop. v Board of Assessors, supra; Samuels v Town of Clarkson,* 91 AD2d 836). Furthermore, a taxpayer may properly forego the statutory certiorari procedure and mount a collateral attack on the taxing authority's action if the challenge is to the method employed in the assessment involving several properties rather than the overvaluation or undervaluation of specific properties *(Matter of Dudley v Kerwick, supra; Matter of 22 Park Place Coop. v Board of Assessors, supra).* "Just because petitioners concede the assessor's jurisdiction or that a portion of the tax is payable does not preclude a collateral attack if the challenge is to the method of assessment" *(Matter of 22 Park Place Coop. v Board of Assessors, supra,* at 893). In reviewing the taxpayers' claims to determine whether this exception to the statutory procedure based upon the taxing authority's methodology has been demonstrated, "[m]ere allegations, unsupported by evidentiary matter, that the attack is on the methods employed rather than individual evaluations, are not enough to relieve plaintiffs of the obligation to pursue their relief via the provisions of article 7 of the Real Property Tax Law" *(Samuels v Town of Clarkson, supra,* at 837; *see also, Abrams v Long Is. Light. Co.,* 117 AD2d 764, 765).

The petitioner's challenge here is clearly based upon his allegation that the respondents' method of reassessing property values on transfer or conveyance to a new owner is erroneous. Thus, the activity challenged should properly be reviewed by way of a collateral proceeding. Pursuant to CPLR 103 (c), this court may remedy such procedural infirmity by converting the RPTL article 7 proceeding into a CPLR article 78 proceeding. Review of the specific grounds set forth in RPTL 706 (1) upon which an RPTL article 7 challenge may be based lends additional support to the conclusion that a CPLR article 78 proceeding is the appropriate procedural route for challenging the respondents' action. The grounds specified for RPTL article 7 challenges are "that the assessment to be reviewed is excessive, unequal or unlawful, or that real property is misclassified" (RPTL 706 [1]). Viewed broadly, perhaps the allegations of the petitioner's first cause of action may be deemed to be within the purview of RPTL article 7; however, the allegations of his second cause of action challenge the method of the respondents' reassessment on sale and seek a declaration of its invalidity. The grounds enumerated for

RPTL article 7 review do not contemplate this type of challenge *(see, Matter of Dudley v Kerwick,* 52 NY2d 542, *supra; Matter of 22 Park Place Coop. v Board of Assessors,* 102 AD2d 893, *supra).*

■ The remaining procedural issue does not require extensive discussion. The respondents' effort to avoid the consequences of their failure to serve an answer to the notice to admit by relying on RPTL 712 is unavailing. RPTL 712 (1) provides that in the absence of a timely answer, the allegations of the RPTL article 7 petition shall be deemed denied. Our ruling with respect to the procedural course to be followed by the petitioner effectively removes the provisions of the RPTL from this proceeding. In any event, RPTL 712 was intended to enable a petitioner to expedite proceedings if he was willing to forego any advantage he might obtain by insisting upon an answer and thereby elicit admissions or narrow the issues *(see, Matter of New York Cent. R. R. Co. v Donnelly,* 8 AD2d 65, *rearg denied* 8 AD2d 999). Where, as here, the petitioner sought to obtain admissions by an alternate means, namely, by service of a notice to admit, the respondents' failure to respond was at their peril.

We turn, then, to the substantive issue raised on this appeal concerning the existence of triable issues of fact. The notice to admit contains the relevant factual allegations. Those which are of particular importance in removing the factual issues from this proceeding are directed to the methodology employed in the respondents' reassessment of property values. It provided in paragraphs 4, 5 and 6 thereof as follows:

"4. Respondent assessors in the preparation of the assessment role for the 1987/88 tax year did not engage in any market value re-evaluation of all other single family homes in the village which are similar to that of Petitioner's real property.

"5. Respondents in assessing Petitioner's real property did so on the basis of the sale of said property prior to the preparation and filing of the final tax roll for the 1987/88 village tax year.

"6. Respondents did not, prior to the preparation of the 1987/88 tax roll, re-evaluate other parcels of real estate which may be similar to Petitioner's property but was not the subject of a sale".

■ An admission pertaining to the method of assessing the value of the petitioner's property is of the type contemplated

by CPLR 3123 (a). The fact sought to be elicited could be readily admitted or denied *(see, Villa v New York City Hous. Auth.,* 107 AD2d 619; *Marine Midland Bank v Custer,* 97 AD2d 974, *affd* 62 NY2d 732; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3123:1, at 602, C3123:8, at 612). Thus, the relevant factual allegations must be deemed admitted for purposes of this action (CPLR 3123 [a]; *Great Am. Ins. Co. v Matzen Constr.,* 114 AD2d 625). The respondents' opposition to the motion for summary judgment leaves no room for doubt that the methodology applied by the respondents involved a practice of reassessing only those properties which had been the subject of a transfer or conveyance. In fact, the respondents did not deny this practice but merely asserted that the challenged method had been recognized by the Nassau County Department of Assessment and that the assessment procedure was followed by other villages in Nassau County. The opposition papers raise no factual issues but merely address the validity of the methodology.

The only remaining issue, therefore, is a legal one, namely, whether the respondents' practice of reassessing only those properties which were the subject of a recent sale violates the statutory and constitutional requirements of uniformity and equality. It is clear that administrative as well as legislative classifications are subject to equal protection review *(see, Matter of Doe v Coughlin,* 71 NY2d 48, 56). However, when the creation of different classes for purposes of taxation is challenged on equal protection grounds as violative of both the United States Constitution (US Const 14th Amend) and the New York State Constitution (NY Const, art I, § 11), the role of the judiciary is somewhat limited *(see, Trump v Chu,* 65 NY2d 20, 25). Unless the distinctions drawn classify on the basis of a suspect class or impair a fundamental right, equal protection requires only that the classification which results in unequal treatment bear a rational relation to the achievement of a legitimate governmental purpose *(see, Town of Tonawanda v Ayler,* 68 NY2d 836, 837; *Foss v City of Rochester,* 65 NY2d 247; *Trump v Chu, supra).* Distinctions may be drawn between classes of individuals or entities unless the difference in treatment amounts to an "invidious discrimination" *(see, Trump v Chu, supra; Allied Stores of Ohio v Bowers,* 358 US 522, 527). The rational basis prerequisite casts a heavy burden on those who challenge an administrative or legislative classification *(see, 41 Kew Gardens Rd. Assocs. v Tyburski,*

70 NY2d 325, 335; *Trump v Chu, supra; Maresca v Cuomo,* 64 NY2d 242, 250).

In the field of taxation, governmental authorities possess even greater freedom in making classifications *(see, Trump v Chu, supra,* at 27; *Madden v Kentucky,* 309 US 83, 88). As a general rule, all real property within a district shall be assessed at a uniform percentage of market value (RPTL 305 [2]; *Foss v City of Rochester, supra,* at 253; *Grant Co. v Srogi,* 52 NY2d 496, 510; *Matter of Hellerstein v Assessor of Town of Islip,* 37 NY2d 1, 10, *remittitur amended* 39 NY2d 920). This statutory requirement is in keeping with the State's constitutional mandate that assessments within the various assessing units be equalized for taxation purposes (NY Const, art XVI, § 2; *see also, Foss v City of Rochester, supra,* at 259). The Court of Appeals in addressing a challenge of unequal tax treatment of similarly situated properties reasoned as follows: "The integrity of any system of taxation, and particularly real property taxation, rests upon the premise that similarly situated taxpayers pay the same share of the tax burden *(see, Johnson v Smith,* 297 NY 165, 170; *see also, People ex rel. Hatch v Reardon,* 184 NY 431, 445). Because real property taxes normally are computed by dividing the total assessed value of all real property subject to tax by the total levy of money which must be raised, thereby producing a tax rate, the taxes will be fairly borne under the usual practice if assessments are uniform and equal. This uniformity may be achieved not only by review of the property on the tax rolls by the assessors but also by property owners challenging their assessments for inequality in judicial proceedings pursuant to article 7 of the Real Property Tax Law" *(Foss v City of Rochester, supra,* at 254).

■ Turning to the practice challenged at bar, we conclude that the respondents' practice of selective reassessment of only those properties in the village which were sold during the prior year contravenes statutory and constitutional mandates. In order to achieve uniformity and ensure that each property owner is paying an equitable share of the total tax burden the assessors, at a minimum, were required to review all property on the tax rolls in order to assess the properties at a uniform percentage of their market value. The respondents' disparate treatment of new property owners on the one hand and long-term property owners on the other has the effect of permitting property owners who have been long-standing recipients of public amenities to bear the least

amount of their cost. We can conceive of no legitimate governmental purpose to be served by perpetuating this differential treatment nor do the respondents suggest any such rational basis in their opposing papers. It would appear that the sole purpose of the different classes is to serve administrative convenience by relieving the village of the burden of conducting a total review of the tax roll and instead permitting a piecemeal approach to reassessments. This approach lacks any rational basis in law and results in invidious discrimination between owners of similarly situated property. Thus, the respondents' method of reassessment violates the Equal Protection Clause of both the United States Constitution (US Const 14th Amend) and the New York State Constitution (NY Const, art I, § 11).

Accordingly, the order of the Supreme Court, Nassau County, denying the petitioner's motion for summary judgment must be reversed, the proceeding must be converted into a CPLR article 78 proceeding, the petition must be granted by vacating the assessment of the petitioner's property for the 1987/1988 tax year based upon the respondents' invalid method of reassessment and the matter must be remitted to the respondents for a new assessment.

SPATT, SULLIVAN and HARWOOD, JJ., concur.

Ordered that the order is reversed, with costs, the proceeding is converted into one pursuant to CPLR article 78 to review a determination of the respondents reassessing the value of the petitioner's property for the 1987/1988 tax year, the petition is granted to the extent of vacating the reassessment, and the matter is remitted to the respondents for a new assessment in accordance herewith.