■ In the Matter of GARRY AVERBACH et al., Appellants, v BOARD OF ASSESSORS OF THE TOWN OF DELHI et al., Respondents.—Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Mugglin, J.), entered October 18, 1990 in Delaware County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* review the determinations of respondent Board of Assessors of the Town of Delhi reassessing petitioners' real property.

On July 28, 1989, all but three of the current petitioners, all of whom purchased property in the Town of Delhi, Delaware County, during the years 1983 through 1989, commenced a proceeding against respondents Town Board of Assessors, Town Board of Assessment Review and the Town itself pursuant to Real Property Tax Law article 7 challenging their 1989-1990 tax assessments; this proceeding is still pending. Thereafter, in October 1989, by order to show cause and petition, petitioners commenced a CPLR article 78 proceeding against respondents to challenge the 1989-1990 Town tax assessment roll alleging that, *inter alia,* it violated their constitutional rights as the assessments therein were made pursuant to an illegal "welcome stranger" assessment procedure, whereby recently sold property was reassessed at a percentage of its sale price (generally 80%) while similarly situated property was not *(see, Allegheny Pittsburgh Coal v Webster County,* 488 US 336; *Matter of Krugman v Board of Assessors,* 141 AD2d 175, 183). Supreme Court dismissed the petition because "as a matter of pleading" it did not state a cause of action. A judgment was entered in December 1989, but petitioners did not appeal therefrom.

Thereafter, in June 1990, petitioners commenced this CPLR article 78 proceeding against the same respondents challenging the 1989-1990 tax roll. Although this petition is based on the same grounds and seeks the same relief as the prior CPLR article 78 proceeding, it contains additional relevant information regarding the assessment history of each petitioner's property and contrasts them with specifically identified comparable parcels and their assessments. Respondents, variously relying on CPLR 7804 (f), CPLR 3211 (e) and affirmative defenses in their answers, all sought dismissal. After sorting through the various grounds set forth, Supreme Court dismissed the petition, on the merits, for failure to state a cause of action. Petitioners appeal.

As the first CPLR proceeding was dismissed, not on the merits, but on "a pleading technicality basis", we concur in Supreme Court's conclusion that the current proceeding is not barred by claim preclusion or by petitioners' failure to obtain leave of court prior to its commencement (see, *Plattsburgh Quarries v Palcon Indus.*, 129 AD2d 844, 845-846). We reverse, however, because we find that petitioners sufficiently state a cause of action.

Respondents' contrary argument notwithstanding, RPTL article 7 is not petitioners' exclusive vehicle for relief. RPTL article 7 is the exclusive means for challenging individual tax assessments, but a CPLR article 78 proceeding is appropriate where, as here, it is asserted that the method employed in the assessment involving several properties is unconstitutional (see, *Matter of Krugman v Board of Assessors, supra,* at 179-180; see also, *Matter of Rubin v Board of Assessors,* 175 AD2d 494). Furthermore, respondents have not apprised us of any reason why, in the case at hand, a CPLR article 78 proceeding may not be brought while the article 7 proceeding is pending. Since petitioners' challenge is not merely couched in illegality but clearly attacks the method employed in taxing, this CPLR article 78 proceeding is appropriate (cf., *Matter of Rubin v Board of Assessors, supra; see, Matter of 22 Park Place Coop. v Board of Assessors,* 102 AD2d 893).

Next to be considered is whether petitioners have in fact adequately stated a viable claim in their current CPLR article 78 proceeding. Prior to answering, respondents Delaware Academy and Central School District and the County of Delaware cross-moved to dismiss pursuant to CPLR 7804 (f) and CPLR 3211 (e), respectively, and in their answer and amended answer the remaining respondents, the Board of Assessors, the Board of Assessment Review, the Town and the

Village of Delhi, did not specify a statutory ground for their motion but called it one to dismiss in their supporting affidavits. Accordingly, we treat respondents' motions as directed only to the sufficiency of the pleadings in a manner similar to the determination of a CPLR 3211 motion *(see, Matter of Board of Educ. v State Educ. Dept.,* 116 AD2d 939, 940).

First, although the Village submitted an answer, supporting affidavits and a copy of a local law indicating that it has not assessed properties since March 23, 1984, according to petitioners' uncontroverted averments it still derives tax revenues based on the allegedly unlawful method of assessment and hence it is a necessary party in the event that refunds are ordered.

Given that the petition recites the assessment history of each parcel in question and identifies similarly situated properties with their assessed values, we believe petitioners have provided more than mere conclusory statements supporting their allegations *(see, Sterritt v Heins Equip. Co.,* 114 AD2d 616, 617). Taking into account that the petition and its supporting affidavits must be viewed in the light most favorable to petitioners, we find that petitioners have sufficiently stated a cause of action against respondents for purportedly utilizing an unconstitutional reassessment methodology *(see, Matter of Board of Educ. v State Educ. Dept., supra,* at 941).

Respondents' reliance on *Larkin v Farrell* (52 AD2d 1069, 1070, *appeal dismissed* 40 NY2d 917, *lv denied* 41 NY2d 802, *cert denied* 434 US 836) for the proposition that petitioners' current proceeding is time barred is misplaced. Unlike the petitioners in *Larkin,* petitioners here are not challenging tax assessments against them from prior years; they are specifically challenging only the 1989-1990 tax roll. Accordingly, the four-month Statute of Limitations (CPLR 217) commenced running July 1, 1989, the day that the tax roll became final *(see, Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg,* 78 NY2d 194, 205). Because petitioners' original CPLR article 78 proceeding, brought in October 1989, was dismissed the following December on a technicality, petitioners were entitled to an additional six months within which to commence a new proceeding upon the same transaction *(see,* CPLR 205 [a]). The current proceeding was consequently timely commenced *(see, Matter of Morris Investors v Commissioner of Fin. of City of N. Y.,* 69 NY2d 933, 935).

Mahoney, P. J., Mikoll and Mercure, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and

matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision.