■ In the Matter of RESZIN ADAMS et al., Appellants, v DONALD E. WELCH et al., Individually and as the Board of Assessment Review of the City of Albany, et al., Respondents. (And Another Related Proceeding.)—Yesawich Jr., J. Appeal

---

from an order of the Supreme Court (Harris, J.), entered June 4, 1991 in Albany County, which, in proceedings pursuant to RPTL article 7, *inter alia,* granted respondents' cross motion fixing time limits within which petitioners must file their statements of income and expenses in proceeding No. 2.

Petitioners, owners of real property in the City of Albany, commenced a hybrid proceeding and civil action (hereinafter proceeding No. 1) in July 1987 pursuant to RPTL article 7, CPLR article 78 and 42 USC § 1983 charging, among other things, that the City unfairly and unconstitutionally targeted their neighborhoods for tax reassessment in 1987. Because it found the combination of this proceeding and action "procedurally improper and substantively awkward and unsuitable", Supreme Court granted respondents' motion to dismiss all but the first two causes of action. As to those two causes of action, which assert that respondents employed incompetent and unqualified appraisers and an unlawful assessment methodology, Supreme Court indicated that petitioners could proceed jointly, but only if "the petitions are clearly amended to limit the proceedings to one common legal issue concerning an illegal spot assessment by an unqualified assessor". In a later order, the court granted petitioners leave to serve an amended petition, provided that it was verified by each petitioner who approved the amendment.

We agree with Supreme Court's determination, as set forth in the decision of February 2, 1991, that a proper amended petition has not been served on respondents.* The context of the decision and order make it clear that the verification requirement was included in an attempt to assure that petitioners who join in the amended petition, and thereby waive their rights to bring a separate tax certiorari proceeding, do so knowingly. Consequently, Supreme Court's decision required verification *"by all petitioners* authorizing the amendment" (emphasis supplied). In view of the fact that no petition comporting with Supreme Court's order has been served in proceeding No. 1, the court was correct in denying petitioners' motion to consolidate proceeding No. 1 with proceeding No. 2 (commenced in July 1988) as premature. As for respondents' cross motion for an order in proceeding No. 2 to set a time

---

* Although this aspect of the decision was not reiterated in the order entered June 4, 1991, that concern is properly addressed by means of a motion brought in Supreme Court. In the interest of judicial economy, however, we will deem the order to have incorporated the entire amended decision *(see, Matter of Medicon Diagnostic Labs. v Perales,* 145 AD2d 167, 170, n 1, *affd* 74 NY2d 539).

limit for production of appraisal reports and income/expense statements *(see,* 22 NYCRR 202.59), we find that the cross motion should have been denied because both proceedings herein should properly go forth as CPLR article 78 proceedings, rather than as RPTL article 7 proceedings.

Where, as here, petitioners attack not their individual tax assessments, but rather the method by which those assessments are calculated, a CPLR article 78 proceeding is the appropriate vehicle for doing so *(see, Matter of Averbach v Board of Assessors,* 176 AD2d 1151, 1152; *Matter of Krugman v Board of Assessors,* 141 AD2d 175, 179-181; *see also, Matter of Dudley v Kerwick,* 52 NY2d 542, 550-551; *Matter of 22 Park Place Coop. v Board of Assessors,* 102 AD2d 893). Petitioners allege, both in proceeding No. 2 and in their proposed amended petition for proceeding No. 1, that respondents have conducted illegal "spot" reassessments, that these assessments were carried out by unqualified assessors, and that a "welcome stranger" policy of reassessing properties only at the time of transfer has been adopted in certain neighborhoods. These claims do not relate to the specific assessed value of petitioners' individual properties; rather, they contest the methods by which those values are calculated, and by which the particular properties to be reassessed are selected. Thus, despite the fact that the petition in proceeding No. 2 is denominated as an RPTL article 7 proceeding, the fact is that it does not address the issues for which that article, and the rules applicable thereto, were designed *(see, Matter of Dudley v Kerwick, supra,* at 548-550). There being no need to evaluate the correctness of particular assessments, no useful purpose would be served by requiring appraisal reports or income/expense statements from petitioners.

Mikoll, J. P., Levine, Mercure and Harvey, JJ., concur.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted respondents' cross motion; cross motion denied and respondents are granted leave to interpose an answer in proceeding No. 2 within 20 days of the date of this Court's decision; and, as so modified, affirmed.