■ In the Matter of BOARD OF MANAGERS OF ACORN PONDS AT NORTH HILLS CONDOMINIUM No. 3, Respondent, v BOARD OF ASSESSORS et al., Appellants. [603 NYS2d 491] —In a tax certiorari proceeding pursuant to Real Property Tax Law article 7, the appeal is from an order and judgment (one paper) of the Supreme Court, Nassau County (McGinity, J.), entered August 15, 1990, which, after a hearing, (1) granted the petitioner's motion for summary judgment on the ground, *inter alia,* that the assessment on the petitioner's property was unconstitutional, and (2) reduced the petitioner's real property tax assessment for each of the tax years 1986-1987, 1987-1988, and 1988-1989.

Ordered that the order and judgment is reversed, on the law, with costs, the petitioner's motion for summary judgment

is denied, and upon searching the record, the petitioner's claim that the reassessment of its property was unconstitutional is dismissed.

The petitioner is the agent for the owners of the subject property, the condominium units of Acorn Ponds at North Hills Condominium No. 3 in Nassau County. Pursuant to an amendment to Real Property Tax Law § 1802, in 1986 the subject property, previously classified as Class II property for tax purposes, was reclassified as Class I property (see, L 1986, ch 218). As a result of this reclassification, the property was reassessed, using a cost approach to value. This is the same method employed to assess all other Class I property in Nassau County. Prior to its reclassification, the subject property was assessed using the income approach to value, the method that is employed with respect to all Class II property in Nassau County.

The reassessment ultimately resulted in an increased tax burden for which the petitioner sought relief in this tax certiorari proceeding. The petitioner moved for summary judgment, alleging various constitutional infirmities. After a hearing, the Supreme Court granted the motion. Although the court acknowledged that "viewed alone, the reassessment of petitioner's property consistent with its designation as Class One is proper", the court additionally concluded that the County's "system takes on an unconstitutional dimension since [it has] not seen fit to review all properties within the class". In essence, the court held that the County's failure to reassess all Class I property in Nassau County upon the reassessment of the petitioner's property resulted in a constitutional violation, mandating the reduction of any tax liability attributable to the reassessment of the petitioner's property.

It is undisputed that, shortly after the petitioner's property was reclassified, the cost approach to value was used to reassess the property. As noted, this method is the same method that is used to assess all other Class I property in Nassau County. There is no proof in the record that the failure to reassess all Class I property when the petitioner's property was reassessed resulted in disparate tax treatment of a constitutional dimension. Rather, the record reflects the fact that the cost method of assessment was applied in a consistent manner with respect to all Class I property in Nassau County. Accordingly, it must be concluded that "similarly situated [taxpayers were] treated uniformly" (Foss v City of Rochester, 65 NY2d 247, 256; see, Trump v Chu, 65 NY2d 20; cf., Matter

of *Krugman v Board of Assessors* 141 AD2d 175). Under such circumstances, the Supreme Court erred when it granted the petitioner's motion for summary judgment on constitutional grounds *(see also, 41 Kew Gardens Rd. Assocs. v Tyburski,* 70 NY2d 325, 330).

We note that the Supreme Court incorrectly relied on *Allegheny Pittsburgh Coal v Webster County* (488 US 336). In that case, there was proof in the record that the property under review was "substantially similar" to other property within the taxing jurisdiction *(Allegheny Pittsburgh Coal v Webster County, supra,* at 340-341, n 3). However, because of an apparent "aberrational enforcement policy" of the local tax assessor, the property under review did not receive the same tax treatment as the comparables *(Allegheny Pittsburgh Coal v Webster County, supra,* at 344, n 4). Such evidence is lacking in the instant case *(see also, Nordlinger v Hahn,* 505 US —, 112 S Ct 2326).

Similarly, the Supreme Court incorrectly relied on *Matter of Krugman v Board of Assessors (supra).* That case involved a local tax practice where property was reassessed upon its sale. We could discern no legitimate governmental purpose for this practice *(cf., Nordlinger v Hahn, supra,* at —, at 2333). We therefore held that the disparate treatment that resulted from the practice of reassessment upon sale constituted an "invidious discrimination" *(see, Matter of Krugman v Board of Assessors,* 141 AD2d 175, 184, *supra; see also, Nash v Assessor of Town of Southampton,* 168 AD2d 102, 107-108). In the instant case, no such invidious discrimination was established.

We further note that the appropriate procedural vehicle for asserting such a constitutional violation is a proceeding pursuant to CPLR article 78 *(see, Matter of Krugman v Board of Assessors, supra,* at 180), rather than a proceeding pursuant to Real Property Tax Law article 7. However, the parties have not raised that issue in this case. Bracken, J. P., Sullivan, Eiber and O'Brien, JJ., concur. [As amended by order entered Mar. 7, 1994.]