■ In the Matter of TERRY J. FELDMAN, Appellant, v ASSESSOR OF THE TOWN OF BEDFORD et al., Respondents. [653 NYS2d 38] —In a tax certiorari proceeding pursuant to CPLR article 78, *inter alia*, to challenge an assessment of real property, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Cirigliano, J.), entered October 31, 1995, which denied the petition, and dismissed the proceeding.

Ordered that the judgment is reversed, with costs, the petition is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings.

The petitioner alleges that she paid a disproportionate share of town property taxes because of an illegal so-called "welcome neighbor" assessment on property she owns in the Town of Bedford (*see, Corvetti v Town of Lake Pleasant*, 227 AD2d 821; *Matter of Adams v Welch*, 188 AD2d 784; *Matter of Averbach v Board of Assessors*, 176 AD2d 1151; *Matter of Krugman v Board of Assessors*, 141 AD2d 175; *see also, Matter of Chasalow v Board of Assessors*, 202 AD2d 499; *Matter of Mundinger v Assessor of City of Rye*, 187 AD2d 594). The petitioner also claims that the challenged assessment was part of a systematic endeavor by the respondents to reassess only those properties in the town that were sold (*see, Corvetti v Town of Lake Pleasant, supra; Matter of Krugman v Board of Assessors, supra; cf., Allegheny Pittsburgh Coal v Webster County*, 488 US 336). The petitioner commenced this proceeding pursuant to CPLR article 78, *inter alia*, seeking a refund of the alleged overpayment. The Supreme Court dismissed the petition for lack of standing, holding, in essence, that the initial reassessment, which forms the basis of the petitioner's challenge, was made against the petitioner's predecessor in title, prior to the petitioner's acquisition of the property. We now reverse and reinstate the petition.

The petitioner's allegations that she has paid a disproportionate share of property taxes pursuant to an illegally imposed assessment is sufficient to establish standing (*see, Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761; *Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency*, 76 NY2d 428; *cf.*, RPTL 704), and therefore, the petition must be reinstated.

No other issues have been considered on this appeal. Rosenblatt, J. P., Ritter, Friedmann and Florio, JJ., concur.