[690 NYS2d 755]

In the Matter of CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant, v STATE BOARD OF REAL PROPERTY SERVICES, Formerly Known as STATE BOARD OF EQUALIZATION AND ASSESSMENT, et al., Respondents.

Third Department, April 29, 1999

---

### APPEARANCES OF COUNSEL

*Podell, Schwartz, Schechter & Banfield,* New York City (*Gary O. Schuller* of counsel), for appellant.

*Eliot Spitzer, Attorney General,* Albany (*Andrew Bing* of counsel), for State Board of Real Property Services, respondent.

*Michael D. Hess, Corporation Counsel* of New York City (*Carl A. Laske* of counsel), for City of New York, respondent.

### OPINION OF THE COURT

CARPINELLO, J.

Petitioner filed this RPTL article 7 proceeding in March 1995 challenging the valuation of its special franchise property located in respondent City of New York as determined by respondent State Board of Real Property Services (hereinafter respondent) for fiscal year 1994-1995.* One year later, the City was permitted to intervene by stipulation. The petition alleges that the gas mains of other utilities located in the City were valued on a more favorable basis than petitioner's and, therefore, its assessment was excessive, unequal and unlawful (*see,* RPTL 701 [4], [8], [9]). The petition also asserts that, in paying more than "its proper share of property taxes", petitioner was deprived of its property without due process and denied equal protection of the law. Only those portions of the petition challenging the assessment as unequal and alleging constitutional claims were the subject of petitioner's unsuccessful motion and the City's successful cross motion for partial summary judgment.

Resolution of this appeal requires some familiarity with the arcana of special franchise assessments. Special franchise property, for the purpose of assessment, consists of the value of gas mains and other utility lines located within the confines of public streets, as well as the right granted by the municipality

---

* With a population of one million or more, the City's real property is divided into four classes for real property tax purposes, which classes may be taxed at different rates (*see,* RPTL 1801 [a]). Utility properties are essentially in a class by themselves (*see,* RPTL 1802 [1]).

to install, operate and maintain such lines (*see*, RPTL 102 [17]). Responsibility for determining the full value of these properties for assessment purposes rests with respondent, not the City (*see*, RPTL 606 [4]). Because of the value of its special franchises and other properties, petitioner is the largest real property taxpayer in the City. Needless to say, the matter is of no small import to the parties.

At the heart of petitioner's argument on the motions was a 1993 settlement agreement between respondent and another utility located in the City—Brooklyn Union Gas Company— which resolved challenges the latter had filed with respect to prior assessments of its own special franchise properties. The parties to this proceeding do not seriously disagree with petitioner's assertion that the Brooklyn Union settlement provided that Brooklyn Union's special franchise properties would be valued under a methodology more favorable than that used to value petitioner's properties. Whether Brooklyn Union's gas lines are sufficiently dissimilar from petitioner's to justify this different methodology is, however, a much disputed point. Respondent and the City offer two principal arguments in their attempt to defend this disparate treatment. First, they note that one of the benefits achieved by the settlement was Brooklyn Union's agreement to withdraw opposition to the passage of State legislation which was intended to achieve greater uniformity in City utility assessments generally. Second, they condemn petitioner for disingenuously ignoring that it too had been the beneficiary of a similar settlement agreement in the past.

More to the point, however, is their legal argument that inequality claims under RPTL article 7 are statutorily defined, and in the case of special franchises, especially circumscribed. Assessment review proceedings involving the issue of inequality are limited to determining whether the property at issue has been assessed at a different percentage of its full value than other properties within the same taxing unit (*see, Matter of Consolidated Edison Co. v State Bd. of Equalization & Assessment*, 73 AD2d 31, 36, *affd* 53 NY2d 975). With respect to the alleged inequality of special franchise assessments in particular, evidence on this issue is limited by statute to the State equalization rate or special equalization rate used in determining the challenged assessment (*see*, RPTL 744 [1]; *see also, Matter of Consolidated Edison Co. v State Bd. of Equalization & Assessment*, 103 AD2d 453, 458, *affd* 67 NY2d 783, *appeal dismissed* 479 US 801). Because petitioner did not allege that

the percentage of full value at which its properties were assessed was in error, but rather challenged the methodology used to arrive at another utility's assessment, Supreme Court properly found that its purported inequality claim is not cognizable under RPTL article 7.

Finally, we also agree with Supreme Court's determination that any claimed constitutional violations should have been asserted in a CPLR article 78 proceeding (*see, Matter of Board of Mgrs. of Acorn Ponds at N. Hills Condominium No. 3 v Board of Assessors*, 197 AD2d 620, 622, *lv denied* 83 NY2d 759) and that conversion of this tax certiorari proceeding to a CPLR article 78 proceeding would be futile because the City, as a necessary party (*see, Matter of Averbach v Board of Assessors*, 176 AD2d 1151), had not been served within the four-month Statute of Limitations (*see*, CPLR 217; *see also, Matter of Civil Serv. Empls. Assn. v Pataki,* 259 AD2d 826, 828-829).

CARDONA, P. J., CREW III, PETERS and GRAFFEO, JJ., concur.

Ordered that the order is affirmed, without costs.