In the Matter of LEONARD J. NOWAK, Individually and as Comptroller of the City of Utica, Appellant, *v.* VINCENT J. WERESZYNSKI et al., Constituting the Common Council of the City of Utica, et al., Respondents.

Fourth Department, June 25, 1964.

*George L. Betro, Corporation Counsel (John E. Flemma* of counsel), for appellant.

*Durr & Keinz (Robert W. Durr* of counsel), for Thomas A. Durr, respondent.

*Hubbard, Felt & Fuller (Kenneth W. Fuller* of counsel), for E. Porter Felt, respondent.

*Wolfe, Brill & Kalil (Herbert Brill* of counsel), for Fred Trino, respondent.

*Irving Schwartz* for Frank V. Andrello, respondent.

*Harold Hymes* for Vincent J. Wereszynski, respondent.

*Charles L. Drake* for Robert F. Lynch and others, respondents.

*Walter Potocki* and *Ferdinand Tomaino* for Louis F. Tomaino, respondent.

*Per Curiam.* We agree with the conclusion of Special Term that the proposed transfer of $250,000 by the Water Board to the City of Utica as set forth in the annual estimate of revenues submitted by the Board of Estimate and Apportionment to the Common Council was an illegal act.

A study of the ordinances adopted in 1938 when the city acquired a privately owned water works makes it clear that the revenues from that operation were pledged to preserve and protect the security of the outstanding bonds and that the city has no beneficial right or interest in such revenues. The application of the revenues exclusively to those purposes set forth in the ordinances is specifically mandated by section 412 of the General Municipal Law and is a central element of the Legislature's plan wherein it authorized the financing of such utilities solely on the strength of the revenues to be produced without the necessity of pledging the credit of the city. That section directs that until full and adequate provision has been made for the purposes therein specified " no municipality shall have the right to transfer the revenue of such undertaking to its general fund."

Moreover, the transfer of such funds for general city purposes would impair the contractual rights of the bondholders. (Cf. *People ex rel. Cunningham* v. *Roper,* 35 N. Y. 629, 633, 638.) These vested contractual rights could not be invaded, altered, damaged or destroyed by the provisions of subsequently enacted section 94 of the General Municipal Law. It follows that an order of mandamus would not issue to compel adoption by the Common Council of a budget which included such an illegal item. (*People ex rel. Sherwood* v. *State Bd. of Canvassers,* 129 N. Y. 360.)

Special Term implemented its conclusions by directing that (1) the Board of Estimate and Apportionment prepare a new annual estimate with the objectionable item deleted therefrom and (2) the Common Council upon the receipt of such estimate act thereon and adopt a budget. In view of the contentions of appellant that respondents should have been relegated to seeking relief by plenary action brought by themselves or one or more bondholders we comment briefly on the procedural aspect of the relief granted.

Petitioner's application herein required the members of the Common Council, among others, to show cause why they should not be ordered forthwith to convene and adopt without change the annual estimate of revenues and expenditures containing the disputed item of estimated revenue and "for such other and further relief as to the Court may seem just and proper in the premises."

This proceeding was obviously brought under article 78 CPLR. Subdivision (a) of 7804 thereof provides that a proceeding under that article "is a special proceeding." Thereby article 4 of the enactment, which governs matters of procedure in special proceedings generally, is made applicable to a proceeding under article 78. Moreover, subdivision (c) of 103 CPLR provides that "If a court has obtained jurisdiction over the parties, a civil judicial proceeding shall not be dismissed solely because it is not brought in the proper form, but the court shall make whatever order is required for its proper prosecution." Thus, it has been written that "Under the new practice there is no 'procedural no man's land'; all 'independent' applications are civil judicial proceedings and must be either an action or a special proceeding. CPLR 103(b), 104(d). If such an application is brought in the wrong form the defect will be corrected without dismissal. CPLR 103(c)." (1 Weinstein-Korn-Miller, N. Y. Civ. Prac., § 401.03; see, also, ibid, §§ 103.02 to 103.08 inclusive.)

Respondents, members of the Common Council, are cotrustees with the members of the Board of Estimate and Apportionment and the members of the Board of Water Supply (all parties to this proceeding) of the funds here under consideration and as such cotrustees the Common Council members are entitled to the "remedies and privileges provided by law for any co-trustee". (Second Class Cities Law, § 22.) Pursuant to other provisions of that section respondents in the first instance would have had statutory authority to bring an action to restrain the transfer of the funds from the Water Board to the general city funds. Conceivably respondents alternatively might have sought direct relief in a proceeding under article 78 to compel the Board of Estimate and Apportionment to submit a budget with the claimed illegal item omitted therefrom.

If a plenary action had been brought the court would have had power to "grant any type of relief within its jurisdiction appropriate to the proof whether or not demanded". (CPLR 3017, subd. [a].) Similarly, when Special Term in this special proceeding concluded that there was an illegal item in the estimated revenues and in view of the immediacy of the need for

preparation and adoption of a budget for the ensuing fiscal year statutory authority existed for granting the relief it patterned (CPLR 103, subd. [b] and 3017, subd. [a]).

Lastly, and most important the relief sought by petitioner in substance has been granted. He, as Comptroller of the city and chief fiscal officer (Second Class Cities Law, § 63), sought an order directing the Common Council to adopt a budget so presumably the conduct of the business affairs of the city would not be brought to a halt. By the use of our recently modernized practice procedures all issues presented have been decided and the litigants have been able to avoid the former " ' procedural no man's land ' in which there was ' no Civil Practice Act and no right of appeal.' " (1 Weinstein-Korn-Miller, N. Y. Civ. Prac., § 103.04.)

WILLIAMS, P. J., BASTOW, HENRY, NOONAN and DEL VECCHIO, JJ., concur.

Judgment unanimously affirmed, without costs of this appeal to any party.