■ In the Matter of FRED CHASALOW et al., Respondents, v BOARD OF ASSESSORS OF THE COUNTY OF NASSAU et al., Appellants. (Proceeding No. 1.) In the Matter of STEPHEN CONRAD et

al., Respondents, v BOARD OF ASSESSORS OF THE COUNTY OF NASSAU et al., Appellants. (Proceeding No. 2.) In the Matter of VINCENT DIPENTIMA et al., Respondents, v BOARD OF ASSESSORS OF THE COUNTY OF NASSAU et al., Appellants. (Proceeding No. 3.) In the Matter of LAURENCE FELDMAN et al., Respondents, v BOARD OF ASSESSORS OF THE COUNTY OF NASSAU et al., Appellants. (Proceeding No. 4.) In the Matter of CECIL L. FISHER, Respondent, v BOARD OF ASSESSORS OF THE COUNTY OF NASSAU et al., Appellants. (Proceeding No. 5.) In the Matter of ROBERT FRANCIS et al., Respondents, v BOARD OF ASSESSORS OF THE COUNTY OF NASSAU et al., Appellants. (Proceeding No. 6.) In the Matter of SHERI HAGLER et al., Respondents, v BOARD OF ASSESSORS OF THE COUNTY OF NASSAU et al., Appellants. (Proceeding No. 7.) In the Matter of ROBERT LEE, Respondent-Appellant, v BOARD OF ASSESSORS OF THE COUNTY OF NASSAU et al., Appellants-Respondents. (Proceeding No. 8.) In the Matter of HOWARD ZELLER et al., Respondents, v BOARD OF ASSESSORS OF THE COUNTY OF NASSAU et al., Appellants. (Proceeding No. 9.) In the Matter of HOWARD ZWILLING et al., Respondents, v BOARD OF ASSESSORS OF THE COUNTY OF NASSAU et al., Appellants. (Proceeding No. 10.)—In proceedings pursuant to CPLR article 78 to review 10 separate determinations made in RPTL article 7 tax certiorari proceedings, (1) the Board of Assessors and the Board of Assessment Review of the County of Nassau appeal, by permission, as limited by their brief, from so much of 10 orders and judgments (one as to each proceeding) of the Supreme Court, Nassau County (McGinity, J.), all dated June 16, 1989, as (a) determined that the current system of assessment of Class I real property in Nassau County is illegal and unconstitutional, and (b) directed that as of the 1991/1992 tax year, all assessments of Class I property be promulgated in accordance with the uniform percentage of value requirement of RPTL 305 (2), and (2) the petitioner Robert Lee cross-appeals from so much of the order and judgment in Proceeding No. 8, dated June 16, 1989, as dismissed that branch of his petition which was to annul as arbitrary and capricious, a determination dated November 7, 1988, denying his application for reduction in his 1988/1989 real property assessment.

Ordered that the orders and judgments in Proceedings 1 through 7 and 9 and 10, are reversed insofar as appealed from, on the law, without costs or disbursements, and the matters are remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith; and it is further,

Ordered that the order and judgment in Proceeding No. 8 is reversed insofar as appealed and cross-appealed from, without costs or disbursements, that branch of the petition which was to annul, as arbitrary and capricious, the determination dated November 7, 1988, is reinstated, and the matter is remitted to the Hearing Officer who originally determined the underlying RPTL tax certiorari proceeding for a statement of the reasons underlying the determination dated November 7, 1988.

The petitioners, owners of Class I real property situated in Nassau County, commenced separate proceedings pursuant to RPTL article 7 against the County respondents, seeking a reduction of their real property assessments for the 1988/1989 tax year. Their respective requests for relief were denied in whole or in part after hearings, whereupon the petitioners commenced the instant CPLR article 78 proceedings to review the determinations of the various Hearing Officers. In ten separate orders and judgments, the Supreme Court, Nassau County, *sua sponte,* determined that the system of assessment of Class I real property in Nassau County was illegal and unconstitutional and, *inter alia,* directed that the appellant Board of Assessors promulgate all future assessed values for Class I properties in accordance with the uniform percentage of value requirement of RPTL 305 (2) by the 1991/1992 tax year. The appellants the Board of Assessors and Board of Assessment Review of the County of Nassau (hereinafter collectively referred to as the Board), appeal from this part of each order and judgment. The 10 appeals were consolidated by decision and order of this court dated October 4, 1989. Additionally, in eight of the proceedings, the Supreme Court remitted the matters to the original Hearing Officers to make further factual findings or to set forth the grounds for their determinations. In the two remaining proceedings, the Supreme Court dismissed so much of the petitions as sought to annul the Hearing Officers' determinations as arbitrary and capricious. The petitioner in one of the latter proceedings, Robert Lee, cross-appeals from that portion of the order and judgment in Proceeding No. 8 which dismissed that branch of his petition which was to annul the Hearing Officers' determination as arbitrary and capricious. We now reverse the orders and judgments insofar as appealed and cross-appealed from.

As previously noted, the constitutional issue now before us, which involves an alleged violation of the equal protection guarantees of the United States and New York Constitutions in the methods employed in calculating assessments in Nassau County, was never raised by any of the parties. Rather, the

Supreme Court *sua sponte* reviewed the system of assessment and concluded that it deprived the petitioners of equal protection. Specifically, it found that two distinct methods of calculating assessments of Class I real property are utilized in Nassau County. Initially, property is valued by employing a cost method of assessment which takes into account what the value of the land and the cost of the improvements thereon were or would have been in 1938. An alternative method of assessment based on market value in the questioned tax year is employed when a taxpayer files a protest with the Board of Assessment Review. Moreover, if the taxpayer is aggrieved by the resulting determination, a tax certiorari proceeding pursuant to RPTL article 7 may be commenced. In such a proceeding, the Hearing Officer presiding over the matter also utilizes market value rather than the theoretical cost of construction in 1938 in order to review the assessment.

Given the foregoing, the Supreme Court reasoned that the Board employs two different methods of assessment for similarly situated Class I property—to wit: real estate which is not the subject of an assessment challenge continues to be assessed using the cost of construction in 1938, while property which is the subject of such a contest is assessed on the basis of market value and often benefits from a substantial reduction in assessed valuation as a result. In view of its findings, the Supreme Court issued the orders and judgments under review, which effectively require the Board to reassess all Class I residential real property in Nassau County for the 1991/1992 tax year.

Upon oral argument, the Board conceded that the Supreme Court had the authority to raise the constitutionality issue *sua sponte.* However, the Board claims, and we agree, that the Supreme Court erred in raising and resolving the issue of the constitutionality of the method of assessment in Nassau County without first providing the Board with notice and an opportunity to be heard on the matter *(see generally, Mihlovan v Grozavu,* 72 NY2d 506). Indeed, it is well settled that a system of assessment which is challenged on the ground of inequality may nevertheless survive judicial scrutiny if the assessing authority demonstrates that the classification which results in unequal treatment bears a rational relation to the achievement of a legitimate governmental objective *(see, Town of Tonawanda v Ayler,* 68 NY2d 836; *Foss v City of Rochester,* 65 NY2d 247; *Matter of Krugman v Board of Assessors,* 141 AD2d 175). The Board herein was denied the opportunity to adduce such evidence, as it never received any notice of the

Supreme Court's intention to consider the equal protection issue. Moreover, by failing to afford the parties notice and an opportunity to be heard, the Supreme Court not only deprived the Board of the opportunity to make an appropriate record, but also precluded the exercise of judicial review of the issue by this court. Accordingly, we express no opinion as to the propriety of the Supreme Court's determination at this juncture, but remit the matters for new determinations after the parties have been provided with an adequate opportunity to present their evidence and legal arguments regarding the equal protection issue.

We find unpersuasive the Board's contention that the Supreme Court lacked jurisdiction to raise and consider the question of inequality in the context of these CPLR article 78 proceedings (see, Matter of Krugman v Board of Assessors, supra). Similarly unavailing are the claims that the Supreme Court was precluded both from considering the propriety of the method of assessment in Nassau County and from taking judicial notice of various facts and legal decisions. While the instant proceedings concerned the accuracy and validity of the Hearing Officers' factual determinations, the assessment methodology constituted an underlying matter which the Supreme Court could consider in its discretion. Likewise, the Supreme Court had broad discretion to take judicial notice, inter alia, of matters of public record (see, Brandes Meat Corp. v Cromer, 146 AD2d 666) and to consider its prior decisions in resolving the instant proceedings. However, should the Supreme Court find it appropriate to take judicial notice of such matters upon remittitur, fundamental fairness dictates that it should provide the parties with advance notice of its intention to do so (see, Richardson, Evidence § 14 [Prince 10th ed]). We also find the Board's contention regarding the issue of standing to be unpersuasive under the unusual circumstances presented herein.

Turning to the cross appeal of the petitioner Robert Lee, we note that while the Hearing Officer rejected Lee's sales data as being non-comparable, no factual findings were set forth in support of this conclusion. Inasmuch as the Hearing Officer failed to set forth the basis for his determination, the Supreme Court should not have dismissed the proceeding, but instead should have remitted the matter to the Hearing Officer for a statement of the reasons underlying the determination. Accordingly, we now do so. Mangano, P. J., Sullivan, Rosenblatt and O'Brien, JJ., concur.