[619 NYS2d 727]

In the Matter of WE'RE ASSOCIATES Co. et al., Respondents, v JOHN V. SCADUTO et al., Appellants.

Second Department, December 5, 1994

**APPEARANCES OF COUNSEL**

*Hopkins, Kopilow & Weil,* Garden City *(Michael T. Hopkins and Joseph C. Andruzzi* of counsel), for appellants.

*Proskauer, Rose, Goetz & Mendelsohn,* New York City *(Stephen P. Kramer* and *Michael A. Freeman* of counsel), for respondents.

**OPINION OF THE COURT**

PIZZUTO, J.

The petitioners have successfully challenged the real estate tax assessments on their respective commercial properties for the years 1977 through 1990. Consequently, the petitioners

became entitled to approximately $2,097,375 in tax refunds from the appellant County of Nassau. Because of the lengthy delays in processing the refunds, the petitioners commenced this proceeding in July 1992, seeking, *inter alia,* a judgment "ordering and directing [the appellants] to compute and pay over to Petitioners the real estate property tax refunds" at issue herein.

Despite the narrow and specific relief requested by the petitioners in this proceeding, the Supreme Court endeavored to impose upon the appellants a time limit for processing tax certiorari judgments in all cases. To this end, the court issued an interim decision, dated November 25, 1992, which directed the parties to appear for an evidentiary hearing at which the court would determine "the reasonable length of time that is required to process tax certiorari judgments". However, it is uncontroverted that the evidentiary hearing contemplated in the November 25, 1992 decision never took place. Following this interim decision, the court apparently conducted a series of conferences which purportedly involved not only the instant tax certiorari case, but also other cases involving other individuals who are not parties to this proceeding. We have no record of the events occurring at the conferences or of the parties in attendance. In any event, following the last such conference, the Supreme Court issued a memorandum decision dated October 25, 1993, which concluded that "120 days is [a] reasonable period of time to process such judgments". Consequently, a judgment was entered January 11, 1994, which, *inter alia,* directed "that by April 15 of 1994 [the appellants] shall reduce the time within which to pay tax judgments to a period of one hundred twenty (120) days". The appellants contend, *inter alia,* that (1) the court denied them due process in granting this broad, *sua sponte* relief, (2) the court's determination is without any basis in the record, and (3) the court ruled on a nonjusticiable issue. We now vacate that portion of the judgment which placed 120-day time limit upon the appellants.

It is uncontroverted that the tax refunds which lie at the heart of this controversy have been paid by the County of Nassau during the pendency of this litigation. Therefore, the appeal is academic insofar as it pertains to these petitioners *(see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714). In addition, the question which ultimately determines whether to grant the relief requested, i.e., what constitutes a "reasonable" period of time to process a certain real property tax certiorari

judgment, may differ considerably from case to case, depending upon the circumstances prevailing at the time. Consequently, contrary to the petitioners' contention at oral argument, it cannot be said that the question with which we are presented with regard to this particular petition is likely to recur *(see, Matter of Hearst Corp. v Clyne, supra*, at 714). Thus, the exception to the mootness doctrine which has been delineated by the Court of Appeals is inapplicable *(see, Matter of Hearst Corp. v Clyne, supra; cf., Community Bd. 7 v Schaffer*, 84 NY2d 148; *Matter of Codey [Capital Cities, Am. Broadcasting Corp.]*, 82 NY2d 521).

■ While any issue regarding the petitioners' right to compel payment of the subject tax certiorari judgments is academic, there remains the issue of whether the Supreme Court properly imposed upon the appellants a 120-day time limit to be applied in all future cases. For the following two reasons we hold that the Supreme Court erred in fashioning this broad remedy.

First, the Supreme Court overreached in imposing the 120-day rule upon the appellants. In commencing this proceeding, the petitioners simply sought, *inter alia*, to compel payment of their refunds. Further, the record does not evince that the petitioners at any juncture in the proceedings requested anything remotely akin to the relief awarded in this case. Rather, it appears that the Supreme Court, of its own volition, decided to convert this matter into a quasi-class action with the intention of adjudicating not only the rights of these parties, but also the rights of all parties similarly situated at present and in the future. In pursuing this agenda, the court overstepped the bounds of its authority. That is, although statutorily empowered to "grant any type of relief within its jurisdiction appropriate to the proof whether or not demanded," the Supreme Court's power extends only so far as to authorize the imposition of "such terms as may be just" (CPLR 3017 [a]; *see also*, CPLR 103 [b]; *Matter of Nowak v Wereszynski*, 21 AD2d 427, 430-431). Thus, the court was not empowered to award any undemanded relief to either the petitioners or another party which did not demand relief if the appellants were prejudiced thereby, because to do so would be patently unjust *(see generally*, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3017:5, at 115; C3017:6, at 117). In this case, the appellants were prejudiced by the court's imposition of the 120-day time limit because the appellants did not have appropriate notice of the court's intention

to reach this issue. Indeed, had the appellants known of the court's intention, they could have demanded that an evidentiary hearing be conducted so as to present evidence on this issue. Therefore, since the Supreme Court was not empowered to determine that the 120-day time limit was to apply in all cases (see, CPLR 3017 [a]), that portion of the judgment is vacated.

■ The court's failure to conduct an evidentiary hearing also provides the second ground for vacating the 120-day rule. That is, the procedural course followed by the Supreme Court afforded the appellants neither notice nor an opportunity to be heard on the issue of what constitutes a "reasonable" time for the processing of real property tax certiorari judgments (see generally, Matter of Chasalow v Board of Assessors, 176 AD2d 800, 803-804). Although the petitioners contend that the appellants failed to request such a hearing, it is apparent from the interim decision of November 25, 1992, that the court had led the appellants to believe a hearing would be held before any determination was made regarding "reasonable guidelines and standards in the processing of tax certiorari refund judgments". Thus, in light of the court's stated intention, it reasonably appeared that no request was necessary. Further, while the petitioner claims that the court had indicated at the last conference that it was prepared to rule on this issue without an evidentiary hearing, the appellants deny this and maintain that they were surprised that the court reached the issue. Since there is no record of the subject conferences, the parties' dispute on this point is beyond clarification. However, what is clear is that by failing to hold an evidentiary hearing, the Supreme Court deprived the appellants of the opportunity to make an appropriate record on this issue and, further, effectively precluded appellate review of its determination (see, Matter of Chasalow v Board of Assessors, supra, at 804).

Accordingly, in light of the judicial overreaching and defective procedural course evident in this case, we modify the judgment of the Supreme Court, by vacating that portion thereof which directed "that by April 15 of 1994 respondents shall reduce the time within which to pay tax judgments to a period of one hundred twenty (120) days".

We do not pass upon the question of justiciability posed by the appellants and we reject the parties' remaining contentions as being without merit.

Therefore, the judgment is reversed insofar as appealed from, on the law, with costs, and the second decretal paragraph of the judgment is vacated.

BALLETTA, J. P., ALTMAN and HART, JJ., concur.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and the second decretal paragraph of the judgment is vacated.