[742 NYS2d 131]

RALPH F. BOHLKE et al., Respondents, v GENERAL ELECTRIC COMPANY, Appellant.

Third Department, April 11, 2002

## APPEARANCES OF COUNSEL

*Whiteman, Osterman & Hanna,* Albany *(Beth A. Bourassa* of counsel), for appellant.

*Harder, Silber & Bergan,* Albany *(George W. Harder* of counsel), for respondents.

## OPINION OF THE COURT

LAHTINEN, J.

Plaintiffs, former employees of defendant, were terminated from employment at different times between August 1994 and November 1997 pursuant to a reduction in force plan implemented by defendant. Subsequently, plaintiffs commenced this action under the Human Rights Law (Executive Law § 290 *et seq.*) alleging causes of action for age discrimination based upon disparate treatment and disparate impact theories of recovery.

Following joinder of issue and extensive motion practice regarding discovery issues, plaintiffs moved to compel responses to two of their 49 outstanding supplemental discovery demands, arguing that the documents and information sought were needed to enable their expert witness to analyze their disparate impact claims. Defendant cross-moved to dismiss plaintiffs' age discrimination claims to the extent that they were based upon a disparate impact theory pursuant to CPLR 3211 (a) (7), asserting that a disparate impact claim is not cognizable under New York law and that, even if such a claim were cognizable, the complaint failed to allege a "specific *facially neutral* employment criteria or practice" which disparately impacted plaintiffs (emphasis in original). Plaintiffs then moved separately for leave to amend their complaint so as to identify a specific, facially neutral employment criteria or practice by which they were adversely impacted. Supreme Court directed defendant to respond to a number of discovery demands which were not the subject of plaintiffs' motion to compel, denied defendant's cross motion to dismiss plaintiffs' age discrimination causes of action based upon disparate impact and granted plaintiffs' motion to amend their complaint. Defendant now appeals.

■ We find merit in defendant's contention that a disparate impact claim is not cognizable under the Human Rights Law and agree that plaintiffs' age discrimination causes of action, to the extent that they are based upon a disparate impact theory, must be dismissed. Unlike plaintiffs' age discrimination causes of action based upon disparate treatment which requires proof of an employer's discriminatory motive, plaintiffs' causes of action based upon disparate impact challenges a facially neutral employment practice which has a disproportionately adverse impact on a protected class (*see, Smith v Xerox Corp.*, 196 F3d 358, 364; *People v New York City Tr. Auth.*, 59 NY2d 343, 348-349). In the Second Circuit Court of Appeals, where age discrimination claims based upon a theory of disparate impact are recognized,[1] a plaintiff is required to "allege a disparate impact on the *entire* protected group, *i.e.,* workers aged 40 and over" (*Criley v Delta Air Lines, Inc.*, 119 F3d 102, 105, *cert denied* 522 US 1028 [emphasis supplied]; *see,* 29 USC § 631 [a]), as opposed to a segment or subgroup of the entire protected class.

Here, however, plaintiffs' disparate impact claims are brought under New York law (*see,* Executive Law § 290 *et seq.*), which has a protected class that includes all workers aged 18 and over (*see,* Executive Law § 296 [3-a] [a]). Applying the Second Circuit's rationale[2] that a plaintiff must show a disparate impact on the entire protected class in order to recover, it is impossible for plaintiffs herein to assert an age discrimination claim based upon disparate impact under the Human Rights Law when all of defendant's employees are over the age of 18 and fall within the protected class. Moreover, plaintiffs' complaint alleges that defendant's employment practices "produced a disparate * * * impact on [plaintiffs who were all] over age 40" which, in effect, creates a subgroup of New York's protected class and provides the disqualifying element of an age discrimination cause of action based upon disparate impact

---

1. There is a split of authority among a number of Federal Circuit Courts of Appeal. The Second, Eighth and Ninth Circuit Courts of Appeal permit age discrimination claims based upon disparate impact, while the First, Third, Sixth, Seventh, Tenth and Eleventh Circuit Courts of Appeal do not. The US Supreme Court has granted certiorari in *Adams v Florida Power Corp.* (255 F3d 1322 [11th Cir], *cert dismissed* — US —, 122 S Ct 1290) and presumably will resolve the question on the federal level.

2. In reviewing discrimination cases, New York courts and Federal courts utilize the same standards for recovery (*see, Ferrante v American Lung Assn.*, 90 NY2d 623, 629; *Hardy v General Elec. Co.*, 270 AD2d 700, 701, *lv denied* 95 NY2d 765).

(*see, Criley v Delta Air Lines, Inc., supra* at 105). Accordingly, to the extent that plaintiffs' causes of action for age discrimination are based upon a theory of disparate impact, they must be dismissed and plaintiffs' motion to amend their complaint to identify a facially neutral employment criteria or practice by which they were disparately impacted must therefore be denied.

We also find error in Supreme Court's sua sponte determination to grant plaintiffs undemanded relief. Plaintiffs sought an order compelling defendant to respond to only two of their 49 supplemental demands, to wit, Nos. 1 and 44. Defendant had neither notice nor an opportunity to be heard prior to Supreme Court's decision to compel defendant's response to 13 other discovery demands that plaintiffs' motion to compel did not address and, consequently, was substantially prejudiced, requiring reversal of that part of its order directing such relief (*see, e.g., Matter of New York Assn. of Convenience Stores v Urbach*, 230 AD2d 338, 344, *revd on other grounds* 92 NY2d 204; *Matter of We're Assoc. Co. v Scaduto*, 206 AD2d 245, 248-249).

CARDONA, P.J., PETERS, SPAIN and ROSE, JJ., concur.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as (1) denied defendant's motion to partially dismiss the complaint, (2) granted plaintiffs' motion to amend the complaint and (3) sua sponte directed defendant to respond to certain discovery demands; defendants' cross motion granted and plaintiffs' motion denied; and, as so modified, affirmed.