*296 OPINION OF THE COURT
Linda S. Jamieson, J.
For the second time, defendant seeks a summary judgment finding that plaintiff has not sold his company, Venezia Interiors Corp., “and giving res judicata and collateral estoppel effect” to the orders of Support Magistrate Janet C. Jordan dated February 13, 2007 and Judge Colleen D. Duffy dated July 23, 2007. Defendant also seeks to have precluded from the evidence at this contempt hearing “any evidence by plaintiff referring to plaintiffs alleged sale of his 100% stock interest in Venezia.” Defendant’s first motion was denied, without prejudice, because neither of the decisions cited by defendant squarely holds that the alleged sale was a sham (although those decisions found that plaintiffs testimony was “uncorroborated and incredible,” and that “he failed to provide evidence of Venezia’s selling price and actual net proceeds,” among other things tending to demonstrate that the sale of Venezia was a mere sham).
In this motion, defendant submits, as proof of the assertion that the sale was a sham, a printout from Venezia’s Web site showing that plaintiff is still listed as the president. Defendant also reasons that because neither the sale contract nor the promissory note has ever been produced, and because the alleged buyer and the accountant for Venezia failed to appear for depositions, that this must mean that the sale was a sham. (The court notes that defendant never sought court intervention to enforce the subpoenas.)
In opposition, plaintiff does not submit an affidavit of the facts. Instead, his counsel affirms that the contract for sale is in storage and can be produced for trial. (The court notes that counsel does not say that the promissory note can also be produced for trial.) Counsel fails to appreciate that the time for producing the contract and promissory note was on this summary judgment motion. The omission of these documents is not insignificant.
Counsel for plaintiff also argues that the Venezia Web site does not prove that plaintiff is in fact still an owner of the company. On this count, the court agrees. There is no way of knowing when the Web site was last updated, nor is there any way of knowing whether plaintiff remained president of the company notwithstanding his sale of the company. If this were the only evidence in defendant’s favor, the court would have to deny defendant’s motion for summary judgment a second time.
However, the court has learned (from its own research) that plaintiff is still registered with the Secretary of State as the *297 “Chairman or Chief Executive Officer” of Venezia. The court— rather than counsel for defendant — uncovered this evidence by a quick review of the official Web site of the New York Secretary of State. While certainly unusual, the court is allowed to take judicial notice of this matter of public record. (See Brandes Meat Corp. v Cromer, 146 AD2d 666 [2d Dept 1989]; Matter of Chasalow v Board of Assessors of County of Nassau, 176 AD2d 800 [2d Dept 1991].) The court informed the parties that it would be taking judicial notice of this fact at a court conference.
While in another case, it might be possible to believe that the new owner of a company might retain the prior owner as an employee (as well as the chairman or CEO), in this case, the cumulative effect of all of the evidence that plaintiff has not sold Venezia in a legitimate arm’s length transaction is overwhelming. To sum up: according to Venezia’s own Web site (which has not been changed since defendant submitted her papers to this court) plaintiff may still be the president of Venezia; according to the official records of the New York Secretary of State, plaintiff remains as chairman or CEO of Venezia; plaintiff has never produced the contract of sale or the promissory note, despite ample opportunity to do so; plaintiff has failed to attempt to collect on the now-overdue promissory note; and, not insignificantly, after hearings, Support Magistrate Jordan and Judge Duffy found that plaintiff and his witnesses were unbelievable. Their opinions, while they do not squarely address the matter of the sale, are most persuasive.
Accordingly, the court finds that because of all of the evidence summarized above, it is plain that plaintiff has not completely sold his interest in Venezia to a third party in a legitimate transaction. As a result, the court further finds that any evidence of the alleged sale of Venezia shall be precluded at the hearing on contempt to be conducted by the court.