■ PERRY LUBOV, Appellant, v HORING & WELIKSON, P.C., et al., Respondents. [898 NYS2d 244]—

In an action, inter alia, to recover damages for breach of a shareholders' agreement, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Warshawsky, J.), entered November 3, 2008, as, upon a decision dated September 29, 2008, made after a nonjury trial, upon the granting of his motion for leave to conform the pleadings to the proof adduced at trial to add a cause of action to compel the redemption of his shares in the defendant professional corporation pursuant to Business Corporation Law § 1510, and upon the denial of his request to add causes of action sounding in quasi-contract and unjust enrichment, is in favor of the defendants and against him dismissing the second cause of action in the fourth amended complaint alleging breach

of a shareholder agreement and the cause of action pursuant to Business Corporation Law § 1510, and imposing a sanction upon the defendants in the sum of only $2,000.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Rejecting the plaintiff's contention that his termination from the defendant professional corporation compelled redemption of his shares, the Supreme Court properly declined to extend the compulsory redemption requirement of Business Corporation Law § 1510 to the situation of a shareholder's involuntary termination of employment from a professional corporation (*accord Fearnow v Ridenour, Swenson, Cleere & Evans, P.C.*, 213 Ariz 24, 31, 138 P3d 723, 730 [2006]; *Berrett v Purser & Edwards,* 876 P2d 367 [Utah 1994]; *McCormick v Dunn & Black, PS,* 140 Wash App 873, 890-892, 167 P3d 610, 618-619 [2007]; *Trittipo v O'Brien,* 204 Ill App 3d 662, 672, 561 NE2d 1201, 1208 [1990]; *Corlett, Killian, Hardeman, McIntosh & Levi, P.A. v Merritt,* 478 So 2d 828 [Fla 1985]). The language of the statute is clear and unambiguous, and the Legislature's inclusion of specific categories raises the irrefutable inference that it intended to exclude other categories of shareholder withdrawal such as a shareholder's termination of employment or voluntary withdrawal (*see Matter of Crucible Materials Corp. v New York Power Auth.,* 13 NY3d 223, 229 [2009]; *Matter of Town of Riverhead v New York State Bd. of Real Prop. Servs.,* 5 NY3d 36, 42-43 [2005]). The plaintiff's reliance on notions of public policy is misplaced. Public policy " 'is to be ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interests' " (*Kraut v Morgan & Brother Manhattan Stor. Co.,* 38 NY2d 445, 451-452 [1976], quoting *Muschany v United States,* 324 US 49, 66 [1945]). Further, contrary to the plaintiff's contention, *Lewis v Vladeck, Elias, Vladeck, Zimny & Engelhard* (57 NY2d 975 [1982]) does not provide a basis for redemption of shares in the absence of an agreement.

The Supreme Court also properly declined to consider the plaintiff's new theories of quasi-contract and unjust enrichment, not advanced in his argument supporting his motion to conform the pleadings to the proof, and not raised until his posttrial reply memorandum of law (*see Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18, 23 [1981]; *Matter of We're Assoc. Co. v Scaduto,* 206 AD2d 245 [1994]).

We decline to increase the amount of the sanction imposed upon the defendants, as such was a provident exercise of the Supreme Court's discretion (*see* 22 NYCRR 130-1.1).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Miller, Austin and Roman, JJ., concur.