13-3965-cv
*Teasdale v. New York City Fire Dep't, FDNY*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of September, two thousand fourteen.

PRESENT:

> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges*,
> PAUL A. ENGELMAYER,[*]
> > *District Judge.*

---

DEBORAH TEASDALE,

> *Plaintiff-Appellant*,

> v.                                                     No. 13-3965-cv

NEW YORK CITY FIRE DEPARTMENT, FDNY,

> *Defendant-Appellee.*

---

**FOR PLAINTIFF-APPELLANT:**          Linda M. Cronin, Cronin & Byczek, LLP, Lake Success, NY.

---

[*] The Honorable Paul A. Engelmayer, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR DEFENDANT-APPELLEE:** Larry Sonnenshein, Kathy Chang Park, Assistant Corporation Counsels, New York City Law Department, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from a September 20, 2013 judgment of the United States District Court for the Eastern District of New York (Kiyo Matsumoto, *Judge*; James Orenstein, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Plaintiff Deborah Teasdale appeals from an order of the District Court granting summary judgment to defendant New York City Fire Department, FDNY ("FDNY") on Teasdale's claims of discrimination based on age in violation of the Age Discrimination in Employment Act (the "ADEA"); and sex discrimination in violation of Title VII of the Civil Rights Act of 1964. Teasdale brings the same claims under the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"). Her claims stem from her termination from the FDNY's provisional Emergency Medical Specialist program after twice failing the mandatory Emergency Vehicle Operations Course. We assume familiarity with the underlying facts and procedural history of this case. *See Teasdale v. City of New York*, No. 08 Civ. 1684 (KAM), 2013 WL 5300699 (E.D.N.Y. Sept. 18, 2013).

We review *de novo* an order granting summary judgment and "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010) (internal alterations and quotation marks omitted). We affirm when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. State of New York*, 316 F.3d 93, 100 (2d Cir. 2002).

## DISCUSSION

We analyze Teasdale's discrimination claims under Title VII, the ADEA, and the NYSHRL under the three-step burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010) (applying the *McDonnell Douglas* framework to employment discrimination claims brought under Title VII); *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010) (holding that this Court continues to apply the *McDonnell Douglas* burden-shifting framework to ADEA claims); *Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 466 (2d Cir. 2001) (holding that *McDonnell Douglas* applies to claims brought under the NYSHRL).

Under that test, "a plaintiff first bears the minimal burden of setting out a *prima facie* discrimination case, and is then aided by a presumption of discrimination unless the defendant proffers a legitimate, non-discriminatory reason for the adverse employment action, in which event, the presumption evaporates and the plaintiff must prove that the employer's proffered reason was a pretext for discrimination." *McPherson v. N.Y.C. Dep't of Educ.*, 457 F.3d 211, 215 (2d Cir. 2006) (internal quotation marks omitted).

We recently clarified the standard that applies to disparate treatment claims brought under the NYCHRL after revisions made by the New York City Council in 2005. *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 108-09 (2d Cir. 2013). We held that claims under the NYCHRL are to be evaluated separately from federal and state law claims. *Id.* at 109. To state a claim for disparate treatment, a plaintiff must only show differential treatment of any degree based on a discriminatory motive; then, "the employer may present evidence of its legitimate, non-discriminatory motives to show the conduct was not caused by discrimination, but it is entitled to summary judgment on this basis only if the record establishes as a matter of law that discrimination played *no* role in its actions." *Id.* at 110 n.8 (emphasis in original) (internal quotation marks and alterations omitted).

Disparate impact claims brought under the NYCHRL are governed by § 8-107 of the New York City Administrative Code. To establish a disparate impact claim under § 8-107, a plaintiff must demonstrate that (1) "a policy or practice of a covered entity or a group of policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter"; and (2) "the covered entity fails to plead and prove as an affirmative defense that each such policy or practice bears a significant relationship to a significant business objective of the covered entity or does not contribute to the disparate impact." N.Y.C. Admin. Code § 8-107(17)(a)(1)-(2). "The mere existence of a statistical imbalance between a covered entity's challenged demographic composition and the general population is not alone sufficient to establish a prima facie case of disparate impact violation unless the general population is shown to be the relevant pool for comparison, the imbalance is shown to be statistically significant and there is an identifiable policy or practice or group of policies or practices that allegedly causes the imbalance." *Id.* § 8-107(17)(b).

Upon an independent review of the record, viewing all evidence in the light most favorable to Teasdale, we agree with the District Court that she has not established a *prima facie* case for age or sex discrimination based on disparate impact or disparate treatment, under the ADEA, Title VII, or the NYSHRL, nor under the more lenient standard applied to claims brought under the NYCHRL. We affirm, substantially for the reasons articulated by the District Court in its comprehensive opinion of September 18, 2013.

## CONCLUSION

We have considered all of Teasdale's arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the September 20, 2013 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk