■ FLETCHER BENNETT et al., Respondents, v TIME WARNER CABLE INC., Appellant. [28 NYS3d 859]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered November 26, 2014, which, insofar as appealed from as limited by the briefs, denied defendant's motion to dismiss plaintiffs' claims under the New York State and New York City Human Rights Laws for age-based discrimination based on a theory of disparate impact, unanimously affirmed, without costs.

Plaintiffs allege, among other things, that they were general foremen in their 50's and 60's, and that defendant's decision to eliminate the general foreman position disproportionately affected them in comparison to younger workers. Crediting their allegations for purposes of this motion to dismiss (see *511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 151-152 [2002]; *Askin v Department of Educ. of the City of N.Y.*, 110 AD3d 621, 622 [1st Dept 2013]), plaintiffs have adequately pleaded claims for age discrimination based on a disparate impact theory under the State and City Human Rights Laws (Executive Law § 296; Administrative Code of City of NY § 8-107; see *Mete v New York State Off. of Mental Retardation & Dev. Disabilities*, 21 AD3d 288, 296-297 [1st Dept 2005]; see also *Teasdale v City of New York*, 2013 WL 5300699, *8, *12, 2013 US Dist LEXIS 133764, *21-22, *34-35 [ED NY, Sept. 18, 2013, No. 08-CV-1684 (KAM)], affd sub nom. *Teasdale v New York City Fire Dept.*, 574 Fed Appx 50 [2d Cir 2014]).

Defendant incorrectly argues that the Supreme Court was

bound by the decision in *Bohlke v General Elec. Co.* (293 AD2d 198 [3d Dept 2002], *lv dismissed* 98 NY2d 693 [2002]). This Court has previously recognized that disparate impact claims alleging age discrimination are cognizable under the State Human Rights Law (*see Mete* at 296-297), and we choose to follow our own precedent. Furthermore, this Court has held that provisions of the City Human Rights Law must be construed broadly in favor of plaintiffs alleging discrimination and assessed under more liberal standards, going beyond the counterpart state or federal civil rights laws (*see e.g. Williams v New York City Hous. Auth.*, 61 AD3d 62, 66 [1st Dept 2009], *lv denied* 13 NY3d 702 [2009]). We note the decision in *Bohlke* did not involve a claim under the City Human Rights Law, and therefore would not be dispositive of plaintiffs' city law claim.

We have considered defendant's remaining contentions and find them unavailing. Concur—Renwick, J.P., Andrias, Saxe and Richter, JJ.